McKinney, J.
delivered the opinion of the court.
On a careful examination of the act of 1842, ch. 117, we are of opinion that the demurrer to the declaration in the present case was properly taken and sustained in the circuit court.
The suit is brought against the defendants in their capacity of justices of the county court of Davidson, for an *407 alleged failure in the performance of the duty prescribed in the first section of the act above referred to. That section makes it the duty of all guardians, having charge of the estate of orphans, previously appointed, to renew their bonds “at the county courts to be held in July, 1842, and at the same time to “furnish to the court a statement or list of the property .and effects of the ward.” And enacts that “should such guardian fail to comply with the provisions of this act, it shall be the duty of the county court where the guardian has been appointed, to remove such guardian from office and appoint another guardian,” &c.
The second section requires all guardians to renew their bonds “in every subsequent period of two years,” under the same rules, regulations and restrictions as are prescribed in the first section.
The third section enacts, “that the county court shall take from the guardian appointed, or whose obligation shall be renewed as aforesaid, bond with good and sufficient security, in double the value of the estate of such ward, conditioned as the law directs; and should such court knowingly fail in the performance of their duty, the justices present shall be liable themselves, both at law and in equity, to such ward for any damage sustained thereby.”
The declaration in substance alleges that John J. Hinton (who was the guardian of plaintiff, appointed by the county court of Davidson on the 5th day of February, 1831, and duly qualified, &c.,) wholly failed to comply with the provisions of the first section of said act; and the cause of action against the defendants is set forth as follows, viz: “And yet the said defendants, though well knowing the same, and being present as aforesaid, *408 wholly neglected, failed and refused to cause and compel the said Hinton, as it was their duty to do, to renew his said guardian bond, and to give and furnish said statement and list of the property and effects of his said ward; and also, knowingly, neglected, failed and refused to remove said John J. Hinton from his said office of guardian of the said William L. Boyd. By means whereof the said William L. has sustained a damage of two thousand dollars.”
In this aspect of the case, the first question for our consideration is, can the action be maintained upon the statute of 1842? If not, second, can it be maintained upon common law principles?
In answer to the first question, we are of opinion that the liability imposed on the justices of the county court by the third section of the act, is restricted to a failure in the performance of the duty therein specially enjoined; and that it does not extend to the preceding sections, so as to entitle a ■ party to sue upon the statute for the failure of the justices to perform the duties imposed by the first and second sections.
The first section prescribes a new duty to the justices •of the county court, the removal of the guardian upon his omission to comply with the requirements thereof; but it annexes no penalty or liability to the neglect of such duty.
The third section is but the re-enactment, In substance, of the fifth section of the act of 1764, ch. 5, with this difference; that, by the third section of the act of 1842, the liability is made to attach only where the justices "“knowingly fail in the performance of their duty,” a provision in their favor not contained in the act of 1762, The liability is coupled in the same sentence with the *409 neglect of the duty imposed by this particular section. And there is nothing, we think, in the phraseology used, or in the connexion in which the words creating the liability occur, or in the grammatical construction of the sentence, to warrant the conclusion that such liability was intended to refer to any other failure of duty than that prescribed in said third section. And a statute imposing a penalty or personal liability upon one exercising either judicial or ministerial functions, is not, on recognized general principles, to be extended by construction beyond the case plainly specified therein.
The different character of the duties enjoined in the first and third sections, may serve, perhaps, to explain the reason, as well as to vindicate the policy of the distinction made in respect to the liability of justices.
The duty imposed in the first section demands no exercise of judgment or discretion, and casts no responsibility on the justices. On failure of the guardian to appear voluntarily and comply with its requirements, the law itself declares his office forfeited, and the justices have merely to record the order.
But not so as respects the requirement of the third section, the taking bond with good and sufficient security. Here is imposed a most responsible, not to say delicate duty, calling for the stern exercise of judgment, .discretion, and fidelity; a duty, as proved by the proceedings of the courts as well as by the experience of the country, the most difficult of all others to be enforced, and which the most urgent motives were necessary and alone sufficient to enforce, constituted as is the magistracy of the country; and yet a duty, which, if faithfully performed, renders the omission of the other duties enjoined the less material. In this view, the efficient liability declared in reference to the *410 neglect of the one duty, and not as to the other, is not without reason.
Second. We are of opinion that, upon the proper and necessary averments being made, an action on the case, at common law, may be maintained for the wilful and malicious failure or refusal of the justices to discharge the duty prescribed in the first section of the act.
Without questioning the principle of the common law, which seems to be of very high antiquity, that no action will lie against a judge or justice for any act in the exercise of his judicial functions, if within his jurisdiction, it is not to be doubted but that for misfeasance or non-feasance in the discharge of mere ministerial duties, an action may be maintained against him. 1 Chitty on Pl. 153; Com. Dig. Action on the Case, Misfeasance, A. 1, 2 Saund. 61; 1 East. 556; 8 Wend. 462.
Without attempting to lay down any previse rale by which to distinguish the ministerial from the judicial functions of a justice, it is very clear tihat some of hi» duties are of a character purely ministerial. In the case of Tompkins vs. Sands, (8 Wend. 462,) it Was held that an action on the case lies against a justice who corruptly or maliciously refuses to take the Security required to be given in the prosecution of an appeal; because the *ct of taking security was of a ministerial character. And in the case of Hardison vs. Jordan, (Cam. & Nor. Rep. 454,) an action was held to lie against a justice for maliciously and unjustly refusing an appeal from his judgment.
The duties prescribed in the first and second sections of the act in question, we think, are to be regarded as ministerial rather than judicial; and consequently we hold *411 that for their violation an action on the case may be maintained by the party injured.
But, to maintain such action, the conduct of the justices must be alleged to have been wilful and malicious, either in terms or in language of similar import. But in support of such averment, it is not required that jhere shall be express proof of malice or corru.pt motive on the part of the justices. It is sufficient if it may be implied from their conduct. 1 East, 582-3, in the case of Drewe vs. Coulton, cited in note a. And a stronger case for the application of this principle cannot well be supposed than the failure or refusal of the justices of the county court to obey the plain, but peremptory commands of the act of 1842.
The declaration in the present' case is defective in substance, for want of the averment that the failure of the justices to remove the guardian, &c., was wilful and malicious; or any averment equivalent thereto. And, therefore, upon this, as also upon the other grounds,'the judgment of the circuit court is correct, and will be affirmed.